IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELLIOTT ROSS HARRIS, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:24-cv-3293 |
| § | |
| U.S. BANK TRUST NATIONAL § | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL § | |
| CAPACITY BUT SOLELY AS OWNER § | |
| TRUSTEE FOR CITIGROUP MORTGAGE § | |
| LOAN TRUST 2023-A, AND FAY | |
| SERVICING, LLC, | |
| | |
| *Defendants*. | |

## ORDER

Pending before the Court is Plaintiff Elliot Ross Harris's ("Plaintiff" or "Harris") Emergency Motion for Temporary Restraining Order. (Doc. No. 10). Defendants U.S. Bank Trust National Association, named solely as owner/trustee for Citigroup Mortgage Loan Trust 2023-A ("U.S. Bank") and Fay Servicing, LLC ("Fay Servicing") responded in opposition. (Doc. No. 11). Having considered the briefings and applicable law, the Court hereby **DENIES** Plaintiff's Motion. (Doc. No. 10).

### I. Background

This is a dispute involving real property located at 14011 Falling Elm Lane, Houston, Texas 77015 (the "Property").[1] (Doc. No. 10 at 3). The Property was initially purchased in 2007 by Plaintiff's parents, Elliott S. Harris and Carolyn Harris. (*Id.*). Plaintiff's parents signed a promissory note in the amount of $115,900.00 and a Deed of Trust with Provident Home Loans

---

[1] Plaintiff's and Defendants' version of the facts differ substantially except in one significate aspect—that the foreclosure sale has not yet occurred. Since the differing facts do not affect the ultimate outcome of this Motion, the Background section of this Order incorporates the facts from Plaintiff's First Amended Complaint, though filed without requesting leave as required by Federal Rule of Civil Procedure 15.

(collectively, the "Loan"). (*Id.*). On September 23, 2008, Plaintiff's parents conveyed the Property to Harris by General Warranty Deed, which Plaintiff recorded in the Harris County real property records in 2009. (*Id.*).

In 2017, Provident Home Loans assigned the Loan to Wells Fargo. (*Id.*). In 2022, Plaintiff signed a Loan Modification Agreement with Wells Fargo, which modified the terms of the original promissory note executed by his parents. (*Id.*). The modification references Plaintiff as the borrower. *See* (Doc. No. 10-1). On April 19, 2024, Plaintiff conveyed the Property to the Elliott Ross Harris Jr., Living Trust via Gift Deed, which was recorded in the Harris County real property records the same day. (Doc. No. 10 at 4). There is no evidence, nor does Plaintiff allege, that the April 19, 2024 conveyance to Elliott Ross Harris Jr., Living Trust affected Plaintiff's status as a borrower on the Loan.

Plaintiff alleges that, without notice, the Loan was assigned to U.S. Bank Trust, and Fay Servicing took over as the mortgage loan servicer. (*Id.*). Plaintiff admits that he received mail from Fay Servicing, though he contends the letter was addressed to his father and his deceased mother. (*Id.*). For that reason, Plaintiff alleges he did not open the correspondence. (*Id.*). Defendants provided evidence that the correspondence from Fay Servicing was addressed to "Elliott Harris," with no regard to a middle name or initial. (Doc. Nos. 11-5, 11-6). Moreover, Plaintiff acknowledges that he received a Notice of Foreclosure Sale on August 8, 2024 that stated that the Property was to be sold on September 3, 2024.

Harris initiated this lawsuit in Texas state court alleging that Defendants violated: 1) Texas Property Code § 51.002; 2) the Texas Debt Collection Act; and 3) the Texas Deceptive Trade Practices Act. Harris also sought a Temporary Restraining Order ("TRO") to enjoin Defendants

from foreclosing on the Property, which was granted by a Texas state judge on September 3, 2024. (Doc. No. 1-6). Defendants then removed the suit to this Court.

While the state court's TRO has since expired, Defendants have not proceeded with foreclosure of the Property. Plaintiff filed this emergency Motion on February 2, 2024, seeking a renewed TRO from this Court to enjoin Defendants from foreclosing on the Property. The foreclosure sale is now set for February 4, 2024. Plaintiff's request for injunctive relief is sought solely on the basis of his claim that Defendants' violated Texas Property Code § 51.002—which provides a cause of action for wrongful foreclosure.

## II.     Legal Standard

A party seeking a TRO generally must show "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019). A TRO is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991).

## III.    Analysis

As noted above, Plaintiff claims Defendants violated Texas Property Code § 51.002(d). (Doc. No. 10 at 6). Plaintiff seeks injunctive relief solely on the basis that Defendants allegedly violated § 51.002(d) and not based on the merits of his other underlying claims.[2] (*Id.* at 14). Importantly, Plaintiff alleges that Defendants violated this statute when they failed to send Plaintiff a notice of default and opportunity to cure at least twenty days before notice of sale was given. (*Id.*

---

[2] Injunctive relief, including TROs, must be based on the merits of the underlying claim. *See City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

3

at 6). Even if Plaintiff's pleaded facts are wholly accurate, Plaintiff has failed to show a substantial likelihood of success on the merits with respect to his wrongful foreclosure claim. Thus, Plaintiff's request for injunctive relief must be denied for the reasons below.

Texas Property Code § 51.002(d) provides, in relevant part, that:

> the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given . . . .

Therefore, Texas statute does require that the debtor be informed that he is in default and the debtor must be given at least 20 days to cure the default before a notice of the foreclosure sale is given.

Nevertheless, as of the date of this Motion, Plaintiff does not have a cognizable claim for wrongful foreclosure. As noted above, the parties agree that no foreclosure sale has occurred. The Court finds this fact dispositive "because § 51.002 outlines the procedures for conducting a foreclosure sale, [thus] claims for violating its notice requirements are cognizable only after a foreclosure." *Kew v. Bank of Am., N.A.*, No. CIV.A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Since Defendants have not foreclosed on the Property, Plaintiff's statutory claim fails. *See, e.g., Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 407 (5th Cir. 2017) ("[B]ecause foreclosure of the property did not occur, we need not revisit the district court's conclusions as to whether [the plaintiff] has a viable notice-of-foreclosure cause of action under Section 51.002 of the Texas Property Code"); *Mahmood v. Bank of Am., N.A.*, No. 3:11–CV–3054–M–BK, 2012 WL 527902, at *4 (N.D. Tex. Jan.18, 2012) ("Plaintiff's requests for injunctive relief from this Court to prevent a foreclosure sale make apparent that no foreclosure sale had occurred at the time this suit was brought. Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should also be dismissed."); *Perez v. Midfirst Bank*, 2019 WL 6687665, at *3 (S.D. Tex. Dec. 6, 2019) ("[T]here is no claim

under Section 51.002(d) where no foreclosure has taken place."); *Ayers v. Aurora Loan Servs., LLC,* 787 F.Supp.2d 451, 454 (E.D. Tex. 2011) ("Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred. Perhaps Aurora had not adhered to all the notice requirements of § 51.002. And perhaps if the property had been sold that sale could have been set aside. But absent a sale, Plaintiff cannot state a claim under these sections of the Property Code."); *Caballero v. Wells Fargo Bank, N.A.,* No. 3-11-CV-1385-O-BD, 2011 WL 6039953, at *1 n. 2 (N.D. Tex. July 25, 2011) ("To the extent plaintiff contends that Defendants violated sections 51.002 and 51.0025(2) of the Texas Property Code by failing to issue proper notices in connection with the scheduled foreclosure sale of his property, those provisions apply only to the sale of real property pursuant to a power of sale. Where, as here, no foreclosure sale has taken place, a plaintiff may not recover under those statutory provisions.").

While the Court appreciates the fact that Plaintiff faces substantial threat of irreparable harm through a foreclosure sale of the Property, and that harm likely outweighs any harm to Defendants, Plaintiff failed to demonstrate a viable, underlying claim for relief. Consequently, Plaintiff is not entitled to injunctive relief. *See City of El Cenizo,* 890 F.3d at 176 (5th Cir. 2018) (finding a plaintiff is entitled to injunctive relief only when they are successful on the merits of their underlying claim).

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is **DENIED.** (Doc. No. 10).

Signed at Houston, Texas, on this the 3rd day of February, 2025.

Andrew S. Hanen
United States District Judge